United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLGOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2677 |
| | § | |
| WANDA ISBELL, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff, a state inmate, filed this *pro se* section 1983 lawsuit against prison medical care providers Wanda Isbell and Romeo Yap for deliberate indifference to his medical needs.

Having carefully reviewed plaintiff's complaint, his more definite statement, matters of record, and the applicable law, the Court DISMISSES this lawsuit, as follows.

*Factual Background and Claims*

*Defendant Wanda Isbell*

Plaintiff claims that, upon his transfer to the Ferguson Unit, defendant Wanda Isbell, a nurse practitioner, discontinued his prior housing and work restrictions without first examining him. He further claims that Isbell did not order plaintiff's previous medical records to review, and refused to provide the restrictions and proper medical care he needed for his spine. She also reduced, then discontinued, his anti-inflammatory medicine, naproxen, and refused to have a spinal expert examine and treat him for his "thoraxial" problems. Plaintiff states that he needs naproxen, an examination by an expert, and a medical

restriction to keep him from having to work outside in the heat and sun. He acknowledges that Isbell has examined him on numerous occasions, but argues that her examinations were superficial, incomplete, and failed to provide a definite diagnosis or treatments for his spinal, "thoraxial," and muscle issues.

In his more definite statement of facts regarding Isbell's deliberate indifference, plaintiff stated the following:

> A proper examination by a personnel that has exstensive [*sic*] training in spinal injuries or back problems, would have been able to see that certain spots within vertebrae caused me more pain when even touched or agitated by certain movements that I cannot accomplish consecuatively [*sic*] or continually in either case. A simple stretching test, or rotation test with shoulders, muscles, etc[.] will not accomplish these identifiers right offhand to ANY practitioner. X-rays and an exam by another practitioner or doctor in this field would have been the more suitable response if you are truly trying to give an inmate the same/proper medical coverage and attention to detail that you would afford a civilian/"freeworld" person.
>
> The proper examination by one trained further in this aspect would have seen in my original 3 full-body xrays from McConnell Unit that, indeed, there are disc issues in the upper thoraxial and lower spinal areas, being that muscle damages specifically cannot be regularly found by these means, so experts/specialists are the best counter-balance to remedy a situation such as this case entails[.]
>
> Isbell is the only one she has allowed me to be seen by, and each time she saw me, it was the same thing – telling me to "roll my shoulders, put my arms out to the sides, and to sit on the exam table[.]" After this, every time, she would say "[O]h, you're fine, I don't see anything wrong with you."
>
> Isbell failed to "properly examine" me EVERY TIME she'd held a scheduled appointment with me: #10 = 9/20/12, 9/15/12, 4/3/13, 6/23/13, 7/26/13, 10/24/13. "Improperly" in my definition is when a so-called practitioner expresses their "diagnosis" of an ALREADY prevalent injury/prognosis as

> nonexistent or fabricated; while all along this practitioner has sat in her seat in front of the computer during every so-called exam and not once has actually attempted to "feel" the points of trouble on the patient[.]

(Docket Entry No. 26, p.1, emphasis in original.)

*Defendant Romeo Yap*

Plaintiff alleges that Romeo Yap, a psychiatrist, refused to issue medical work restrictions to plaintiff to prevent his exposure to the sun while working. According to plaintiff, side effects of his psychiatric medications made him photosensitive, and that working in the sun gave him phototoxicity. Plaintiff complains that Yap negligently failed to warn him of these possible side effects, refused to treat them, and did not take his symptoms seriously. He admits that Yap did switch his psychiatric medicine from Celexa to Zoloft after plaintiff complained about "sun allergies" and skin irritations.

In his more definite statement of facts regarding Yap's deliberate indifference, plaintiff stated the following:

> [A]fter being denied to be seen and diagnosed for these adverse affects [*sic*] [I] was having from combinations of "direct sunlight," taking Zoloft and/or celexa, with [my] Naproxen while [] working in the fields simultaeneously [*sic*] . . . . [I] researched TDCJ's own reference materials, as well as help printouts from internet by [my] family to "Self-Diagnose" [my] issues that arose as noone [*sic*] could tell [me] for sure what it was, rash, heat related; until [I'd] gotten something printed from the AMA (American Medical Assoc), the occurances [*sic*] are rare but the explanation, feeling, and pictures of the patches that came and went were exact: "Phototoxicity" and "Photosensitivity reactions" are rare but documented[.]
>
> Again, I was never diagnosed because noone [*sic*] would take my sickcalls seriously . . . . These were side effects of Zoloft (Sertraline) and Celexa

> (Citalopram) as well as mixing with Naproxen – causing severe dehydration under the conditions of an outside worker in direct sunlight/heat.
>
> Yap's only response to this acknowledgment was "[w]ell let's keep going with it, and we'll see if things level out."

(Docket Entry No. 26, pp. 4–5.)

Plaintiff sues the defendants in their individual capacity. He seeks injunctive relief for a proper medical examination of his spinal and "thoraxial" areas, proper medicine for pain and symptoms, and monetary compensation for defendants' negligence and deliberate indifference. He has provided the Court with copies of medical records, sick call requests, and related prison documents in support of his claims, which have been reviewed by the Court. (Docket Entry No. 27.)

*Analysis*

It is well settled that to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must allege and show that appropriate care has been denied and that the denial constituted deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fifth Circuit has described the deliberate indifference standard as "an extremely high standard to meet" and as requiring "egregious intentional conduct" on the part of the prison official. *Gobert v. Caldwell*, 463 F.3d 339, 346, 351 (5th Cir. 2006). "Subjective recklessness as used in the criminal law" is the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). The deliberate indifference standard is a subjective inquiry; the prisoner

4

must establish that the prison official was actually aware of a serious risk, yet consciously disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 837–39 (1994); *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

Whether a prisoner received the treatment or accommodation that he believed he merited is not the issue under the Eighth Amendment.  A prisoner must show that "prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Gobert*, 463 F.3d at 346 (internal quotation marks omitted). Moreover, a delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and resulting substantial harm.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The Fifth Circuit has "delineated a laundry list of acts and omissions that are insufficient to establish deliberate indifference:  unsuccessful medical treatment; acts of negligence or malpractice; a misdiagnosis; a prisoner's disagreement with his medical treatment, absent exceptional circumstances; and the decision whether to provide additional treatment, which [the Court has] described as a classic example of a matter for medical judgment."  *Zaunbrecher v. Gaudin*, 641 F. App'x 340, 344 (5th Cir. 2016) (internal quotation marks and citations omitted); *see also Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Neither an incorrect diagnosis nor the failure to alleviate

a significant risk that an official should have perceived but did not will suffice to demonstrate deliberate indifference. *Domino*, 239 F.3d at 756. Thus, in the absence of extraordinary circumstances, a prisoner does not establish deliberate indifference by showing that he disagreed with his medical care provider as to what treatment or care was appropriate. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

This same standard applies in connection with an inmate's work assignments. Specifically, prison work requirements may constitute an Eighth Amendment violation when prison officials exhibit deliberate indifference by knowingly compelling an inmate to perform physical labor that is beyond his strength, that constitutes a danger to his life or health, or that is unduly painful. *Williams v. Wooten*, 119 F. App'x 625, 626 (5th Cir. 2004); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983).

Plaintiff's factual allegations and exhibits in the instant case do not evince conduct rising to the level of unconstitutional deliberate indifference. In his more definite statement of the facts, plaintiff sets forth his dissatisfaction with the defendants' medical services, and sets out a detailed synopsis of what he himself believes would have constituted "proper medical care." He admits to self-diagnosing his symptoms, and to telling the defendants what should be done medically. More importantly, plaintiff admits that the defendants provided him examinations, treatment, and similar medical services. The medical records he submitted show that his medical conditions and needs have not been ignored; to the contrary, he has received regular medical examinations and care. Where a prisoner's medical

records document assessment and treatment of his medical complaints, he has not been subjected to unconstitutional treatment. *See McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir.1990); *see also Banuelos*, 41 F.3d at 235 ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). That plaintiff believed he was entitled to more or different medical care, or that defendants did not respond to his complaints with the same degree of seriousness he himself did, will not support an Eighth Amendment claim. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A prisoner is not entitled to the type or level of medical care or treatment he wants. *See Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963 (5th Cir. 2004).

The federal constitution does not require that inmates receive optimal care. The fact that an inmate's medical treatment "may not have been the best money could buy" is not a metric by which deliberate indifference claims are reviewed. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992); *see also Gobert*, 463 F.3d at 349. Thus, while plaintiff here is dissatisfied with the medical care he received, his allegations and records show that his complaints have not been ignored and that he has been provided care and treatment believed medically appropriate by the defendants in their professional judgment.

In light of his complaint and more definite statement, plaintiff has pleaded his best case. Plaintiff has not demonstrated a viable Eighth Amendment violation, and his claims against the defendants are DISMISSED WITH PREJUDICE.

### *Pendant Jurisdiction*

Plaintiff alleges that the defendants were negligent and guilty of medical malpractice in their conduct regarding his medical needs. Negligence and medical malpractice are causes of action arising under state law, not federal constitutional law.

28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental or pendant jurisdiction over state law claims if, among other reasons, the "district court has dismissed all claims over which it had jurisdiction." 28 U.S.C.A. § 1367(c)(3). Because plaintiff has failed to state any viable federal claims against the defendants, the Court declines to exercise pendant jurisdiction over the remaining state law claims. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

### *Conclusion*

Plaintiff's Eighth Amendment claims against the defendants are DISMISSED WITH PREJUDICE. Plaintiff's state law claims against the defendants are DISMISSED WITHOUT PREJUDICE. Any and all other pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on September 30, 2016.

_____
Gray H. Miller
United States District Judge